114.7700K

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| TYANNE FONZA as next friend of T.G., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 17-CV-3571 |
| | ) ) Judge Joan B. Gottschall |
| CHICAGO PUBLIC SCHOOLS DISTRICT #299, KIPP CHICAGO SCHOOLS, ELLEN DAVIS-BHATTACHARYYA, TESSA CATLETT, MICHAEL ELLIOTT, and CORRINE HALL, | ) ) ) ) Magistrate Judge Jeffrey Gilbert ) ) |
| Defendants. | ) ) |

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6) AND 12(E)

Defendants, KIPP CHICAGO SCHOOLS ("KIPP"); ASHLEY HALL, incorrectly sued as CORRINE HALL; MICHAEL ELLIOT; ELLEN DAVIS-BHATTACHARYYA, TESSA CATLETT; and BOARD OF EDUCATION OF CITY OF CHICAGO, incorrectly sued as CHICAGO PUBLIC SCHOOL DISTRICT #299, ("BOARD"), by and through their attorneys, ESP KREUZER CORES LLP, and for their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(e), state as follows:

INTRODUCTION

1. Plaintiff's Complaint is essentially a personal injury case which Plaintiff is improperly attempting to disguise as a Constitutional suit. As a result, Plaintiff has failed to state actionable claims in Counts I through IV pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has also failed to specifically allege a claim to which Defendants may respond in Count

1

IV, necessitating a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Thus, Plaintiff's Complaint should be dismissed.

## PLEADINGS

2. On May 11, 2017, Plaintiff filed her four (4) count Complaint at Law against Defendants, seeking to recover for personal injury that her minor sustained when she fell from a height while on a playground. (Dkt #1 at ¶15). Plaintiff alleges that her minor fell from monkeybars. (Dkt #1 at ¶15). The gravamen of Plaintiff's complaint is that Defendants negligently failed to timely call for medical assistance for her minor, failed to timely provide medical aid to her minor, and failed to warn the minor of the potential dangers posed by falling from the playground equipment. (Dkt #1 at ¶¶43, 51, 55)

3. Count I sounds in violation of 42 U.S.C. § 1983 by allegedly failing to provide medical care to her minor. (Dkt #1 at ¶¶30-36). Count II sounds in violation of 42 U.S.C. § 1983 by allegedly exhibiting deliberate indifference to the minor's health and safety. (Dkt #1 at ¶¶37-44). Count III sounds in violation of 42 U.S.C. § 1983 by allegedly depriving her of due process rights to be free from a purported state-created danger. (Dkt #1 at ¶¶45-52). Count IV sounds in "negligence – willful and wanton." (Dkt #1 at ¶¶53-59).

## LAW ON MOTION TO DISMISS 12(b)(6)

4. A motion under Rule 12(b)(6) challenges a complaint's sufficiency to state a claim upon which relief may be granted. *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, the Court accepts as true all of the allegations in the complaint and draws all reasonable inferences in favor of plaintiff. Id. A federal complaint should be "a short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). But however short and plain, it must contain sufficient detail to "give the defendant fair notice of

what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 554. The factual allegations "must be enough to raise a right to relief above the speculative level." Id. Factual allegations, but not legal conclusions, are assumed to be true. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff give defendants fair notice of the claims against them as well as the grounds supporting those claims. Fed. R. Civ. P. 8(a). Plaintiff's should "disaggregate their claims into separate claims when "doing so would promote clarity." Eilefeldt v. United C.U.S.D. #304 Board of Educ., 30 F.Supp.3d 780, 787 (C.D.Ill.2014).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CAUSE OF ACTION UNDER F.R.C.P. 12(b)(6)

5. Section 1983 of the Civil Rights Act ("§ 1983") creates "no substantive rights of its own, but rather is a remedial statute imposing liability upon those who, under color of state law, work a deprivation upon a person's rights, privileges or immunities otherwise granted by the Constitution and law of the United States." (internal citation omitted). Calhoun v. Illinois State Bd. Of Educ., et al., 550 F.Supp. 796, 803 (N.D.Ill.1983).

6. "To state a claim under § 1983, a plaintiff must allege that (1) some individual deprived her of a federally protected right; and (2) the individual who deprived her of that right acted under color of state law." Eilefeldt, 30 F.Supp.3d 780, 788 (C.D.Ill.2014). In order to plead a cause of action under § 1983, plaintiff must sufficiently plead a cause of action for a Constitutional right plaintiff was deprived of, not merely allege a violation of § 1983. Carter v. Bennett, 395 F.Supp.2d 745, 747 (2005).

#### A. INSUFFICIENT FACTS TO PLEAD *MONELL* LIABILITY

7. In order to sue a local governing body, the action that is alleged to be

3

unconstitutional must "implement[] or execute[] a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy." Monell v. Department of Social Services of City of New York, 436 U.S. 658, 659, 98 S. Ct. 2018 (1978). The "language and legislative history of § 1983 compel the conclusion that Congress did not intend a local government to be held liable solely because it employs a tort-feasor – in other words, a local government cannot be held liable under § 1983 on a *respondeat superior* theory." Id.

8. In Darchak v. City of Chicago Bd. of Educ., the Seventh Circuit applied Monell to defeat the plaintiff's claim for retaliation under § 1983. 580 F.3d 622, 629 (7th Cir. 2009). In Darchak a Polish bilingual probationary appointed teacher filed suit against the City of Chicago Board of Education after her one-year contract was not renewed. Id. The court held that in order for plaintiff's claim to succeed, "she must present evidence that the Board itself violated her civil rights. Municipal agencies can be found liable under § 1983 for violating a plaintiff's civil rights through '(1) an express municipal policy; (2) a widespread practice constituting custom or usage; or (3) a constitutional injury caused or ratified by a person with final policymaking authority.'" (internal citations omitted) Id. The court found that "liability requires more than the fact that a low-level supervisor took some action that was not later reversed by a policymaker." Id. at 630.

9. In this case, Plaintiff has failed to allege sufficient facts to establish that the BOARD and KIPP implemented or executed an express policy statement, ordinance, regulation, or decision, officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy, that violated her minor's civil rights. Plaintiff has failed to allege sufficient facts to establish that BOARD and KIPP had a widespread practice that amounted to custom or usage, which violated her minor's civil rights. Plaintiff has failed to allege sufficient

4

facts to establish that persons with final policymaking authority from BOARD and KIPP caused a purported constitutional injury. Plaintiff has failed to allege sufficient facts to establish that persons with final policymaking authority from BOARD and KIPP ratified any conduct that purported resulted in a constitutional injury. Dismissal is appropriate.

      B.     INSUFFICIENT FACTS TO PLEAD VIOLATION OF CIVIL RIGHTS BY ALLEGED FAILURE TO PROVIDE THE MINOR WITH MEDICAL CARE

10. Counts I of Plaintiff's complaint attempts to state a cause of action for purported violation of rights under the Eighth Amendment of the United States Constitution. *See* Estelle v. Gamble, 429 U.S. 97 (1976). "To state a cause of action under the eighth amendment for failure to provide medical care, "a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008).

11. The cases that address whether a complaint sufficiently pleads a cause of action under the Eighth Amendment are cases involving the government seizing and exercising custody over persons, where the persons are no longer free to obtain medical care for themselves, primarily in the context of prisoner rights. Eighth Amendment analysis examines whether the government sought to impose cruel and unusual punishment by withholding medical care. *See* Estelle, 429 U.S. 97 (1976); Duckworth, 532 F.3d 675 (7th Cir. 2008); Gutierrez, 111 F.3d 1364 (7th Circ. 1987); Lynch v. Cannatella, 810 F.2d 1363 (5th Cir. 1987). Furthermore, the allegations of the Complaint do not involve the infliction of any punishment. Thus, Count I of Plaintiff's Complaint should be dismissed.

      C.     INSUFFICIENT FACTS TO PLEAD VIOLATION OF ALLEGED DUE PROCESS RIGHTS

12. Counts II and III of Plaintiff's Complaint attempt to assert violations of alleged due

5

process rights. In order for a plaintiff to plead a violation of substantive due process (the Fourteenth Amendment), there are three (3) elements that must be met. Matthews v. Eldridge, 424 U.S. 319 (1976). First, there must be a deprivation, second, it must be of life, liberty or property, and third, it must be shown that the government did not have an adequate justification for its action. Id. Plaintiff must plead a "cognizable 'life, liberty, or property' interest." Eilefeldt, 30 F.Supp.3d 780, 789 (2014). Absent the encroachment of a fundamental right, Plaintiff must plead that defendants' actions were arbitrary or irrational. Id. "Personal involvement of a defendant in an alleged constitutional deprivation is a 'prerequisite to an award of damages under § 1983.'" Morris, 282 F.Supp.2d 196, 202-03 (*citing* Williams v. Smith, 781 F.2d 319, 323 (2d Circ. 1986).

13. To state a cause of action under a "state-created danger" theory of substantive due process, the "plaintiff must plead facts showing an affirmative act on the state's part that either created the danger or rendered him more vulnerable to an existing danger." Lewis E. v. Spangnolo, 186 Ill.2d 198, 220, 710 N.E.2d 978 (1999). "Mere inaction by state actors, even in the face of known danger, is not sufficient to trigger an affirmative duty on the party of the state under this theory." Id. The state "must therefore affirmatively put private individuals in harm's way, effectively throwing them 'into a snake pit.'" Brown v. Reyes, 815 F.Supp.2d 1018, 1022 (N.D.Ill.2011). The court must examine what actions the state affirmatively took and what danger the victim would have otherwise faced. Id. "In other words, affirmatively creating a dangerous situation will trigger a constitutional duty to protect, but negligently failing to react to a potentially dangerous situation or sitting idly by does not." Id. at 1023.

14. United States Courts have long held that,

> The [Due Process] Clause is phrased as a limitation on the State's power to act, *not as a guarantee of certain minimal levels of safety and security.* It forbids the State itself to deprive individuals of life, liberty, or property without

6

> 'due process of law,' but its language *cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means.*

Spady v. Bethlehem Area School Dist., 800 F.3d 633, 642 (3rd Cir. 2015)(*quoting* Deshaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195, 109 S.Ct. 998 (1989)(Emphasis added); D.S. v. East Porter County School Corp., 799 F.3d 793, 798 (7th Cir. 2015)(*Explaining* that the Due Process Clause limits the state's power to act, but does not act "as a guarantee of certain minimal safety and security.").

15. In Spady v. Bethlehem Area School Dist., a fifteen-year-old student died from "secondary" or "delayed" drowning hours after complaining to his gym teacher that his chest hurt when he was subdued in water during swim class in physical education. 800 F.3d at 636. The P.E. teacher was aware the student could not swim. Id. The Third Circuit found, although tragic, the gym teacher's failure to assess the student for dry drowning after briefly going under water did not violate the student's constitutional right to "bodily integrity free from unwanted intrusions by the state." Id. at 640. Thus, the student did not have a "clearly established constitutional right to dry-drowning intervention protocols while participating in P.E. class." Id. at 641. The Third Circuit based its ruling on other courts that addressed injuries caused by public-school teachers.

16. The plaintiff in Spady argued that the case implicated a student's constitutional right to be free from school officials' deliberate indifference to, or acts that increase the risk of, serious injury from unjustified invasions of bodily integrity. Id. The court, however, opined that courts are "not to define clearly established law at a high level of generality." Id. Instead, courts "must define the right allegedly violated at the appropriate level of specificity. Id. (*see also* Walters v. Village of Oak Lawn, 548 F.Supp. 417, 419 (N.D. Ill. 1982) (holding that rights which derive solely from state law are not actionable under §1983)). The court further opined that "[a]ccepting

7

Spady's broad version of the right at issue 'would . . . convert the rule of qualified immunity that our cases plainly establish into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" (internal citations omitted) Id. The court framed the specific constitutional right in Spady as the "right to affirmative intervention by the state actor to minimize the risk of secondary drowning or dry drowning. And for qualified immunity purposes, the question is whether the law in this context is so well-established that it would have been apparent to a reasonable gym teacher that failure to take action to assess a non-apparent condition that placed the student in mortal danger violated that student's constitutional right under the state-created-danger theory of liability. Id. at 639-9.

17. In order for a right to be clearly established, there must be applicable precedent from the Supreme Court. Id. at 639. Although a case need not be directly on point, there must be existing precedent that placed the constitutional question beyond debate. Id. The court in Spady found that no Supreme Court case had established a right to adequate safety protocols during public-swimming class or in any analogous setting. Id. In a school setting, courts have only found constitutional violations where state actors engaged in "patently egregious and intentional misconduct" including a case where a coach struck a student with a blunt object, knocking out his left eye. Id. at 641 (citing Neal ex rel. Neal v. Fulton County Board of Education, 229 F.3d 1069, 1076 (11th Circ. 2000). There was no precedent whereby a reasonable gym teacher would have been aware that his actions were unconstitutional. Id. at 641.

18. In Nix v. Franklin Cnty. Sch. Dist., the Eleventh Circuit dealt with the theory of "deliberate indifference" when a student died after touching exposed high-voltage wire during science class. 311 F.3d 1373 (11th Cir. 2002). The Eleventh Circuit held that "schoolchildren are not in a custodial relationship with the state." (internal citations omitted) Id. 1378. The Eleventh

8

Circuit further opined that "[o]nly in the limited context of due-process claims based on excessive corporal punishment has this court held that intentional conduct of a high-school educator may shock the conscience." Id. The Eleventh Circuit articulated two (2) principles regarding the due process rights of students: (1) "generally, those individuals not in state custody will have no due-process claim for unsafe conditions; and (2) specifically, in a classroom setting, courts have not allowed due process liability for deliberate indifference, and moreover, will only allow recovery for intentional conduct under limited circumstances." Id. In Nix, the court found that the Plaintiff's allegations of "deliberate indifference" did not "shock the conscience" to give rise to a due-process violation. Id.; *see also* Voorhies v. Conroe Ind. Sch. Dist., 610 F.Supp. 868, 873 (S.D.Tex.1985)(holding no constitutional claim where shop teacher removed safety guard on a power saw causing student to severely lacerate hand).

19. In this case, Counts II and III of Plaintiff's Complaint fail to state a cause of action for violation of due process rights. Plaintiff's minor was not in a "custodial" relationship with Defendants. Furthermore, Defendants actions did not rise to the level of "conscious-shocking." Defendants did not engage in conduct that put Plaintiff's minor in harm's way, effectively throwing her "into a snake pit." Defendants did not affirmatively create any danger imposed by the playground equipment, and negligently failing to react to a dangerous situation is insufficient to sustain a cause of action of state-created danger. Plaintiff's minor did not have a "clearly established constitutional right" to recess equipment intervention.

20. No Supreme Court case has established a right to adequate safety protocols during public-school recess. Plaintiff's claim is a thinly veiled complaint for negligence. Counts II and III of Plaintiff's Complaint are thinly-veiled negligence actions. Plaintiff has failed to allege sufficient facts to establish a violation of any constitutionally protected rights. Dismissal is

9

appropriate.

### III. THE TORT IMMUNITY ACT APPLIES TO BAR COUNT IV

21. As to Count IV of Plaintiff's Complaint, which sounds in Negligence-Willful and Wanton, Section 2-201 of the Illinois Tort Immunity Act states, "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201 (eff. Aug. 13, 1965). There is no exception for willful and wanton conduct under section 2-201. Eilefeldt, 30 F.Supp.3d at 787.

22. In Eilefeldt v. United C.U.S.D. #304 Board of Educ., the court found that the defendants' acts and omissions in handling bullying incidents were both policy determinations and exercises of discretion. 30 F.Supp.3d at 792. In that case, a male student reported numerous instances of bullying during his seventh and eighth grade year at United Junior High School. Id. at 784. The student allegedly suffered physical pain and mental anguish after school officials failed to address the bullying after numerous meetings with school officials regarding said bullying. Id. at 785. The court found that the defendants were immune from tort claims under the Illinois Tort Immunity Act because handling bullying including policy decisions and discretion. Id. at 792.

23. In this case, Plaintiff claims that she was not warned of the danger of the playground and was not given proper medical treatment following her alleged injury. Decisions on how to handle procedures at recess and how to address the healthcare needs of a student are policy decisions and involve discretion. Thus, The Illinois Tort Immunity Act provides absolute immunity to the defendants in this case.

### IV. COUNT IV FAILES TO SEGREGATE CLAIMS AND REQUIRES A MORE DEFINITITE STATEMENT UNDER RULE 12(E)

24. Additionally, within Count IV, Plaintiff confusingly combines a "Negligence" claim and a "Willful and Wanton" claim. These claims are separate and distinct and must be plead separately. There are various immunities available to defendants under the Illinois Tort Immunity Act. *See* 745 ILCS 10/1-101 through 745 ILCS 10/3-108. The immunities available to Defendants are different for "Negligence" and "Willful and Wanton." Thus, Count IV requires a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendants cannot fully answer or otherwise respond to Count IV as written.

### V. PLAINTIFF IS NOT ENTITLED TO SEEK PUNITIVE DAMAGES

25. Pursuant to § 1983, a municipality, including a school district/board, is not subject to punitive damages. Eilefeldt, 30 F.Supp.3d at 789. In Eilefeldt, the Court dismissed Plaintiff's claim for punitive damages because the School District was not subject to punitive damages under § 1983. Similarly, under § 2-102 of the Illinois Tort Immunity Act, "a local public entity is not liable to pay punitive damages in any action…" 745 ILCS 10/2-102 (eff. Aug. 13, 1965) "In addition, no public official is liable to pay punitive or exemplary damages in any action…" Id.

26. In this case, each of Plaintiff's four (4) counts prays for punitive damages. It is appropriate to strike the prayers for punitive damages.

### CONCLUSION

27. It is appropriate to dismiss Plaintiff's Complaint in its entirety. Plaintiff fails to state a cause of action in Counts I through III that would entitle her to relief under § 1983. Plaintiff's Complaint is nothing more than a thinly veiled tort claim. Plaintiff's minor was not in a custodial relationship with Defendants. The alleged acts and omission do not "shock the conscience." Plaintiff's Complaint must also fail procedurally. Plaintiff failed to properly segregate her claims

11

as to each Defendant and failed to segregate her claims for "Negligence" and "Willful and Wanton." Moreover, Section 2-201 of the Illinois Tort Immunity Act applies to bar Plaintiff's count for "negligence – willful and wanton." Lastly, it is appropriate to strike the prayers for punitive damages in Counts I through IV.

WHEREFORE, Defendants, KIPP CHICAGO SCHOOLS, ASHLEY HALL, MICHAEL ELLIOT, ELLEN DAVIS-BHATTACHARYYA, TESSA CATLETT, and BOARD pray that this Honorable Court enter an order dismissing PLAINTIFF, TYANNE FONZA as next friend of T.G., a minor, Complaint's with prejudice.

By: ___/s/ Shanna Crafts_____
      One of Defendants' Attorneys

ESP KREUZER CORES LLP
Shanna Crafts; #6316719 svalenti@ekclawfirm.com
400 S. County Farm Road, Suite 200
Wheaton, IL 60187
630-871-1002, Facsimile 630-871-0224